UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE M. LEWIS,<br><br>    Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 13-00369-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On February 28, 2013, Stephanie M. Lewis ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on June 19, 2013. On August 27, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 64-year-old female who applied for Social Security Disability Insurance benefits on September 28, 2009, alleging disability beginning February 1, 2009. (AR 25.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of February 1, 2009 through her date last insured of September 30, 2010. (AR 27.)

Plaintiff's claim was denied initially on November 24, 2009 and on reconsideration on April 22, 2010. (AR 25.) Plaintiff then sought review and on June 20, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Nancy Lisewski in San Bernardino, California. (AR 25.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 25.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 25.)

The ALJ issued an unfavorable decision on August 3, 2011. (AR 25-30.) The Appeals Council denied review on January 7, 2013. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1. Whether the ALJ has properly considered the subjective testimony of Stephanie Lewis in light of the unique nature of fibromyalgia.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of February 1, 2009 through her date last insured of September 30, 2010. (AR 27.)

At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, arthritis vs. fibromyalgia and diabetes with early neuropathy. (AR 27.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 27.)

The ALJ then found that, through the date last insured, Plaintiff had the RFC to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c). Claimant can perform postural activities occasionally. (AR 28-29.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 28-29.)

At step four, the ALJ found that through the date last insured, Plaintiff was able to perform past relevant work as a merchandise deliverer and that this work did not require the performance of work-related activities precluded by Claimant's RFC. (AR 30.)

Consequently, the ALJ determined that Claimant was not disabled any time from February 1, 2009, the alleged onset date, through September 30, 2010, the date last insured. (AR 30.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom testimony regarding fibromyalgia.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY REGARDING HER FIBROMYALGIA**

**A.    Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain

testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could be expected to cause her alleged symptoms. (AR 28.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent consistent with her RFC. (AR 28.) Because the ALJ did not make a finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ found that Plaintiff had the medically determinable severe impairments of "degenerative disk disease, arthritis v. fibromyalgia and diabetes with early neuropathy." (AR 27.) Nonetheless, the ALJ assessed Plaintiff with a RFC for a range of medium work. (AR 28.)

Plaintiff testified at the hearing that she could not work because of arthritis, fibromyalgia and pain in her hand, back, hip and leg, among other things. (AR 37-38.) The ALJ, however, found that the Claimant testified that she has "multiple limitations and impairments not supported by her records." (AR 28.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here the medical evidence of record is replete with unsubstantiated claims of impairments and limitations. In March 2009, lab tests were normal. (AR 317.) As to stinging

and burning sensations, an EMG/NCS in May 2009 of right upper and lower extremities was within normal limits, as was another in September 2009. (AR 293, 274.) In June 2009, she saw a neurologist for hand pain but tested negative and exhibited musculosketal normal range of motion. (AR 287-288.)

In November 2009, Dr. Susan Lee found Claimant's allegations non-severe, noting that her treating physician documented on numerous exams that Claimant had normal gait, negative straight leg raising and normal motor strength. (AR 407.) She concluded, "There is no objective evidence of a severe persisting functional impairment that would more than minimally affect work performance." (AR 407.) In February 2010, x-rays showed her degenerative disk in her cervical spine to be moderate, and her bilateral hips and pelvis to be unremarkable. (AR 29.) In April, 2010, the State reviewing physician, reviewing the medical records, assessed Plaintiff with a RFC for medium work. (AR 28, 498-506.)

Plaintiff stresses her numerous diagnoses of fibromyalgia which is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments and other tissue." Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004). In Benecke, the Ninth Circuit determined that fibromyalgia can be disabling. It described fibromyalgia as follows:

> Benecke suffers from fibromyalgia, previously called fibrositis, a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue. *See, e.g., Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech, Inc.*, 125 F.3d 794, 796 (9th Cir. 1997); *Brosnahan v. Barnhart,* 336 F.3d 671, 672 n. 1 (8th Cir. 2003). Common symptoms, all of which Benecke experiences, include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease. *See Brosnahan*, 336 F.3d at 672 n. 1; *Cline v. Sullivan*, 939 F.2d 560, 563 (8th Cir. 1991). Fibromyalgia's cause is unknown, there is no cure, and it is

|   |   |
|---|---|
| 1 | poorly understood within much of the medical community. The disease is |
| 2 | diagnosed entirely on the basis of patients' reports of pain and other |
| 3 | symptoms. The American College of Rheumatology issued a set of agreed- |
| 4 | upon diagnostic criteria in 1990, but to date there are no laboratory tests to |
| 5 | confirm the diagnosis. *See Jordan v. Northrop Grumman Corp.*, 370 F.3d |
| 6 | 869, 872 (9th Cir. 2004); *Brosnahan*, 336 F.3d at 672 n. 1. |

Id. at 589-90; see also Harman v. Apfel, 211 F.3d 1172 (9th Cir. 2000) (reversing ALJ decision denying benefits for fibromyalgia); Bunnell, 947 F.2d at 341 (upholding benefits for fibrositis, now known as fibromyalgia). Social Security Ruling 12-2p, 2012 WL 3104869 (July 25, 2012) adopted both the 1990 ACR Criteria and the 2010 Preliminary Diagnostic Criteria for fibromyalgia.

Jordan, 370 F.3d at 877, a case in which benefits were denied for fibromyalgia, recognized that the accepted diagnostic test is that Plaintiff must have pain in 11 of 18 tender points. See also Rollins, 261 F.3d at 855 (11 of 18 tender points). Objective tests such as myelograms are administered to rule out other diseases and alternative explanations for the pain but do not establish the presence or absence of fibromyalgia. Jordan, 370 F.3d at 873, 877. It cannot be objectively proved. Id. at 877. The symptoms can be worse at some times than others. Id. at 873. The Ninth Circuit recognizes fibromyalgia as a physical rather than a mental disease. Id. Rheumatology is the relevant specialty for evaluating fibromyalgia. Benecke, 379 F.3d at 594 n.4.

There is conflict in the medical record regarding the diagnosis of fibromyalgia. The diagnoses of fibromyalgia came from Plaintiff's neurologist but the consulting rheumatologist Dr. Steve Lee believed the films taken were consistent with osteoarthritis which he believed was "the most clear diagnosis." (AR 468-73.) Based on Dr. Lee's findings, the State reviewing physician assessed a medium RFC. (AR 498-506.) For all the diagnoses of fibromyalgia, only one reflected testing for tender points and found 12 of 18. (AR 528.) The ALJ noted the conflict in the diagnoses and incorporated both in her RFC ("arthritis v. fibromyalgia"). (AR 27.) A diagnosis of fibromyalgia, however, is insufficient by itself and requires documentation of

8

disabling limitations, which are absent here. SSR 12-2p*3 states, "We cannot rely upon the physician's diagnosis alone" and there must be "sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." As Plaintiff does not assert or cite anywhere in the record that treating physicians made an RFC assessment or opined that she was precluded from all work, the ALJ reasonably gave great weight to the State reviewing physician's RFC for medium work. (AR 29.)

The ALJ also noted Plaintiff's admission that she stopped working because she retired. (AR 28, 37, 152-153, 287, 469.) The ALJ reasonably concluded that Plaintiff's retirement was a lifestyle choice, as opposed to a medical inability to work. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly considered that claimant was out of work because he was laid off and not because of any alleged disabling injuries). Additionally, Plaintiff's inconsistent statements about not working because she retired and because of alleged disabling impairments are a valid basis for discounting a claimant's credibility. Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies in testimony or between testimony and conduct may be considered in weighing credibility).

The ALJ buttressed her conclusions about Plaintiff's credibility by noting activities inconsistent with any disabling medical condition. Daily activities inconsistent with allegations of disabling pain are a legitimate factor in determining credibility. Bunnell, 947 F.2d at 345-46. SSR 12-2p*5 makes clear that daily activities are important in evaluating the severity of a claimant's fibromyalgia impairment. Here, the ALJ found that Plaintiff reported she has been helping take care of her grandchildren ages 3 and 4, and assisting her husband fix up two houses for sale. (AR 28, 29, 287.) The ALJ reasonably found these activities inconsistent with Claimant's testimony and claims of limitations. (AR 28.) These activities, even if they do not prove Plaintiff can work, do suggest that the alleged severity of her limitations has been exaggerated. Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009.)

Plaintiff disagrees with the ALJ's interpretation of the evidence but the ALJ has the responsibility for resolving ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039

(9th Cir. 1995). Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ's adverse credibility finding is based on clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 6, 2013            */s/ John E. McDermott*
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE